THE STATE OF KANSAS, *by I. K. Huber, County Super-intendent of Decatur County, v.* HARRY L. HEATON.

**No. 182.**    (62 Pac. 546.)

1. SCHOOL LANDS—*Petition to Purchase—Appeal Bond.* In a proceeding instituted in the probate court, upon petition by a settler to purchase school lands, where the county superintendent appeals to the district court, no appeal or cost bond is required to perfect such appeal.

2. —— *Dismissal of Appeal by County Attorney.* Nor can the county attorney arbitrarily dismiss such appeal over the objection of the county superintendent.

Error from Decatur district court; A. C. T. GEIGER, judge. Opinion filed October 10, 1900. Reversed.

*Tully Scott,* for plaintiff in error.

*W. S. Langmade,* and *Bertram & Wilson,* for defendant in error.

The opinion of the court was delivered by

McELROY, J.: This proceeding was instituted by Harry L. Heaton filing in the probate court of Decatur county his petition to purchase certain school lands, viz. : The northwest quarter of section 10, township 2 south, of range 28 west, in Decatur county. The lands had been properly appraised. Heaton claimed a right to purchase the premises as a settler. At the time set for the hearing, the petitioner appeared and offered proof in support of his right to purchase the premises by virtue of his settlement and improvements. The county superintendent, I. K. Huber, appeared in person and protested against the allowance of the proof and prayer of the petition. A hearing was had, and the probate court allowed the proof and applica-tion to .purchase. In due time the county superin-

tendent filed his notice, on behalf of the state, of an appeal from the judgment of the court.

When the case was called for trial, at the October, 1898, term of the district court, the county attorney J. F. Peters filed his motion to dismiss the appeal for the reasons : (1). That no bond had been filed or given as an appeal or cost bond; and (2) that the county attorney had not been consulted at any time about the bringing or conducting of the case ; that he had not neglected or refused to bring the case, and that he had not given permission to any one to bring or conduct the case.  A hearing was had before the court upon the motion.  The trial court found that the proceedings in the probate court and the appeal to the district court were nominally in the name of the state, but were really in the interest of one A. V. Loy, a settler upon the same tract of land ; that the county attorney was not consulted either as to the filing of the protest or in the matter of the appeal ; and that Loy was the party beneficially interested in the protest and appeal.  Thereupon the court made an order that unless Loy should give bond for costs the appeal would be dismissed.  No bond being offered as required, the court sustained the motion and dismissed the appeal. The county superintendent filed his motion for a new trial, which was overruled, time was given to make and serve a case-made, and the record is presented to this court for review.

The only question presented for consideration by the record and assignments of error is as to whether the court erred in sustaining the motion of the county attorney and in dismissing the appeal.

No question is made as to the sufficiency of the petition.  In form and substance it complies with the provision of the statute.

The provisions of the statute in relation to the hearing upon petition for the purchase of school lands by settlers, in the probate court and upon appeal to the district court, and the manner of procedure therein, together with the provisions relating to the appearance and conduct of suits by the county attorney, are section 5, chapter 122, Laws of 1876 (Gen. Stat. 1899, § 6143), and section 2, chapter 89, Laws of 1892.

In this action, it was perhaps the duty of the county attorney to appear before the probate court, and afterward in the district court. But there was no authority for the dismissal of the appeal in this case for the reasons designated by the county attorney. The law does not require an appeal or cost bond where the appeal is taken by the county superintendent, nor is such officer required to notify the county attorney at any particular time or place concerning such appeal. Upon the other hand, it is very evident that the county attorney had notice that the action was pending; otherwise he would not have appeared with his motion to dismiss.

The law expressly states that the probate judge shall transmit to the clerk of the district court a certified transcript of the record and proceedings relating to the cause, together with the original papers in his office, and the district court shall have jurisdiction of the cause, and shall proceed to hear, try and determine the same anew, without regard to any error, defect or other imperfection in the proceedings of the probate court. It is evident to our minds that it was the duty of the trial court in this case to proceed to hear the testimony on behalf of the petitioner, together with any testimony offered by the county superintendent or county attorney, and dispose of the matter upon its merit. There was no sufficient reason

set out in the motion of the county attorney for the dismissal of the appeal.

The judgment is reversed, and the cause remanded with direction to the trial court to overrule the motion to dismiss and for further proceedings in accordance with the opinion herein expressed.